IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRICK LYNN BRATCHER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00500 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| RANDAL C. MATHENA, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Derrick Lynn Bratcher, a Virginia inmate proceeding *pro se,* filed a civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2015, against numerous current and former staff of the Red Onion State Prison. This matter is before the court on defendants' motions to dismiss.[1] Having considered the motions and the record, the court grants the motions to dismiss and *sua sponte* dismisses Bratcher's claims against defendant Perry.

I.

With regard to defendant Perry, it appears from a death certificate mailed to the court that Perry died in May 2015, before the filing of the complaint. (Dkt. No. 17.) "[A] dead man obviously cannot be named party defendant in an action." *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D.C. Mass. 1955) (noting that such an action is a nullity). Rule 25 of the Federal Rules of Civil Procedure allows substitution of parties if a party dies during the pendency of a lawsuit, but does not apply when the party was already dead before suit was filed. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *In re Polo Builders*, 374 B.R. 638, 642 (Bankr. N.D. Ill. 2007).

---

[1] All defendants except defendant James Perry filed motions to dismiss. Defendant Perry never waived service of process and was never served with the complaint because he died before the case was filed.

Bratcher's claim against Perry is also deficient because he fails to allege sufficient facts to state a cognizable claim that Perry violated his constitutional rights. Bratcher only alleges that that Perry "approached plaintiff's cell . . . carrying a large canister of O.C. gas used for resistant offenders," "entered plaintiff's cell, searching it," and "began making threats to assault plaintiff." *See, e.g., Hudson v. Palmer*, 468 U.S. 517 (1984) (noting prisoners have no legitimate expectation of privacy in their cells); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (noting verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (same). Accordingly, Bratcher's claims against Perry will be dismissed.

II.

On September 3, 2013, Bratcher was found guilty of two disciplinary charges and sanctioned with 30 days of disciplinary segregation and a $12.00 fine. Bratcher alleges that defendant Warden Mathena violated his due process rights on October 8, 2013, by upholding Bratcher's disciplinary convictions on appeal. To establish a violation of procedural due process guaranteed by the Fourteenth Amendment, an inmate must demonstrate a deprivation of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The court finds that the sanctions imposed on Bratcher did not constitute an atypical or significant hardship on Bratcher in relation to the ordinary incidents of prisoner life. *Id.* (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Henderson v. Virginia*, No.

2

7:07cv266, 2008 U.S. Dist. LEXIS 5230, at *33-34, 2008 WL 204480, at *10 (W.D. Va. Jan. 23, 2008) (holding that a $12.00 fine did not pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life). Accordingly, Bratcher's allegations do not state a due process violation against Warden Mathena and, therefore, the court will grant the defendants' motion to dismiss as to this claim.[2]

III.

With regard to the remaining defendants, Bratcher alleges that on August 25, 2013, defendants Gilbert, Franklin, Adams, Miller, Kiser, Phipps, Axtell, Robinson, and Osborne used excessive force against him and that on September 3, 2013, defendant Counts denied him due process during a disciplinary hearing. The court finds that these claims are untimely filed and, therefore, grants defendants' motions to dismiss as to these claims.

For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir.1989); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983). Bratcher's claims of constitutional violations took place in Virginia and, therefore, Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code § 8.01-243(A); *Almond v. Kent*, 459 F.2d 200, 203-04 (4th Cir. 1972). Under

---

[2] To the extent Bratcher summarily alleges that defendant Mathena violated his Eighth Amendment rights, his claim also fails. The Eighth Amendment imposes certain duties on prison officials to provide humane conditions of confinement, ensure that inmates receive life's necessities, and take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Bratcher's only factual allegations against Warden Mathena are that he upheld Bratcher's disciplinary convictions on appeal. The court concludes that Bratcher's allegations are insufficient to state an Eighth Amendment claim against Warden Mathena.

3

these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.[3]

In this case, Bratcher's claims accrued on August 25, 2013, and September 3, 2013. Bratcher filed this action no earlier than September 13, 2015, more than two years after the alleged causes of action accrued. Accordingly, the court finds that Bratcher's claims against defendants Gilbert, Franklin, Adams, Miller, Kiser, Phipps, Axtell, Robinson, Osborne, and Counts are barred by the statute of limitations and, thus, will grant defendants' motions to dismiss as to these claims.

An appropriate order will be entered.

Entered: August 10, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988), *Lewis v. Richmond City Police Dep't, et al.*, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

4